IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLINTON MEAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-0791-L |
| | § | |
| LATTIMORE MATERIALS COMPANY AND HOLCIM LAFARGE, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Second Motion for Summary Judgment (Doc. 47), filed April 16, 2018. After consideration of the motion, response, reply, appendixes, record, and applicable law, the court **denies** Defendants' Second Motion for Summary Judgment (Doc. 47).

**I.    Background**

The court has set out the relevant background facts and procedural history in a prior memorandum opinion and order in this case, which is incorporated herein by reference as if repeated verbatim. *See Mead v. Lattimore Materials Co.*, 2018 WL 807032 (N.D. Tex. Feb. 9, 2018) (Lindsay, J.) ("*Mead I*"). The court, therefore, will only set out a summary of the facts and procedural history relevant to the pending motion.

This is an employment discrimination lawsuit brought by Plaintiff Clinton Mead ("Mead"), a cement truck driver, against his former employer, Lattimore Materials Company and Holcim LaFarge ("Defendants"). In his First Amended Complaint (Doc. 12), Mead alleged discrimination, retaliation, and interference claims under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA"); and (2) disability discrimination in violation of Chapter 21 of the Texas Labor

Code, Tex. Lab. Code Ann. § 21.001 *et seq*. (West 2015). On March 17, 2017, Defendants filed their motion for summary judgment seeking dismissal of all Mead's claims. On February 9, 2018, the court issued its decision in *Mead I*, granting in part and denying in part Defendants' motion, and dismissing all claims except Mead's FMLA retaliation and discrimination claims arising from the termination of his employment on September 18, 2015, after he took FMLA leave. *See Mead I*, 2018 WL 807032, at *12. In denying Defendants' Motion for Summary Judgment on these FMLA claims, the court stated: "Given the totality of the evidence, it is sufficient to raise a genuine dispute of material fact as to whether Mead's FMLA-protected leave was a motivating factor in Defendants' decision to terminate him." *Id.*

On March 2, 2018, Defendants filed a Motion for Reconsideration (Doc. 40), asking the court to reconsider its denial of their motion for summary judgment on Mead's FMLA discrimination and retaliation claims. In support, Defendants argued that the court erred in applying the so-called "mixed-motive" *McDonnell Douglas* burden-shifting framework ("mixed-motive framework") in analyzing Mead's claims, rather than the traditional *McDonnell Douglas* burden-shifting framework. On March 6, 2018, the court issued an order denying Defendants' motion. *See* Order (Doc. 43). As a threshold matter, the court noted that Defendants erroneously sought relief under Federal Rule of Civil Procedure 59(e), rather than Federal Rule of Civil Procedure 54(b), which governs whether a court should reconsider its interlocutory order. Next, the court explained the basis for its application of the mixed-motive framework in *Mead I*:

> In Defendants' Motion for Summary Judgment, Defendants argued to the court that they were entitled to summary judgment on Plaintiff's FMLA retaliation and discrimination claims under the traditional *McDonnell Douglas* burden-shifting framework. *See* Defs.' Summ J. Br. 10-15 (Doc. 26). Specifically, they argued that: (1) Plaintiff failed to establish a prima facie violation of the FMLA; and (2) even if he had, he failed to raise a genuine dispute of material fact that Defendants' reasons for his termination were a pretext for unlawful retaliation or discrimination. *See id.* Notwithstanding Plaintiff's allegation in the complaint that discrimination

> and retaliation were "motivating factors" in his discharge (*see* Am. Compl. ¶ 5.04), *Defendants did not address the mixed-motive framework or the issue of whether summary judgment was appropriate under a mixed-motive framework in their motion for summary judgment.* In their reply brief, and in response to Plaintiff's argument in his response brief that the court should consider whether FMLA discrimination and retaliation were motivating factors in his termination, *see* Pl.'s Resp. ¶¶ 4.02, 4.12, 4.25, Defendants stated that the "'motivating factor' test applies to 'mixed motive' cases and Plaintiff offers no explanation as to why the test is applicable here. If an employee proves that discrimination was a motivating factor in the employment decision then the burden shifts back to the employer to prove that it would have made the same decision despite the discriminatory animus." Defs.' Reply 6-7. *Although recognizing that the burden of proof shifts back to them under the final step of the mixed-motive framework, Defendants failed to present any argument or marshal evidence to raise a genuine dispute of material fact that, despite any alleged discriminatory or retaliatory animus, they would still have fired Plaintiff for falsifying records.* After considering the pleadings, legal arguments, and summary judgment record, the court concluded that the case involved a mixed-motive claim, and analyzed it as such.

*Id.* at 2-4 (emphasis added) (footnote omitted).

In addition to rejecting Defendants' challenge to its application of the mixed-motive framework to analyze the summary judgment evidence, the court determined that, although styled as a Motion for Reconsideration, Defendants' motion, in actuality, was a second motion for summary judgment, filed without leave of court, in which Defendants were attempting to argue and present evidence, for the first time, that, even under a mixed-motive framework, they were entitled to summary judgment. *See id.* at 3 note 1 ("Defendants never made any attempt to satisfy their burden of proof under the final step of the mixed-motive framework until their motion for reconsideration.") To allow Defendants an opportunity to brief this case under the mixed-motive framework, although denying Defendants' Motion for Reconsideration, the court permitted Defendants to file a motion showing good cause why leave should be granted to file a second summary judgment motion. Ultimately, with leave of court and absent any opposition from Mead,

on April 16, 2018, Defendants filed their Second Motion for Summary Judgment, which has been fully briefed. *See* Pl.'s Resp. (Doc. 50); Defs.' Reply (Doc. 51).

## II.     Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could

not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Analysis

As previously stated, remaining for trial are Mead's FMLA retaliation and discrimination claims arising from the termination of his employment on September 18, 2015, after he took FMLA leave. In support of their second summary judgment motion, Defendants argue that:

> [B]ased on the undisputed facts, Plaintiff cannot establish a prima facie case of unlawful discrimination or retaliation under the FMLA, and even if he could, he cannot establish that Defendants' reasons for his discharge were a pretext for unlawful discrimination/retaliation or that unlawful discrimination/retaliation were

> a motivating factor for Defendants' employment decision. Accordingly, under either test, Plaintiff's First Amended Complaint should be dismissed in its entirety with prejudice.

Defs.' Second Mot. for Summ. J 2 (Doc. 47). The court addresses these arguments in turn.

### A. Prima Facie Case

Defendants contend that they are entitled to summary judgment on Mead's discrimination and retaliation FMLA claims because he failed to establish his prima facie case.[1] The court has already rejected this argument. *See Mead I*, 2018 WL 807032, at *6. Further, the second summary judgment motion was granted solely to allow Defendants an opportunity to introduce evidence and argument, for the first time, to satisfy their burden of proof under the final step of the mixed-motive framework—not to seek reconsideration of their previous unsuccessful arguments that Mead failed to establish a prima facie case or that the court erred in using a mixed-motive framework to analyze the summary judgment evidence.[2] Accordingly, the court limits its analysis to Defendants' argument that they have satisfied their burden under the third step of the mixed-motive framework.

### B. Mixed-Motive Framework and the FMLA

The FMLA entitles employees to take reasonable leave for medical reasons. 29 U.S.C. § 2601(b)(2). Additionally, the FMLA prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against an individual for opposing any practice made unlawful" by the act. *Id.* § 2615(a)(2). "The Department of Labor has interpreted this statutory provision to forbid

---

[1] To establish a prima facie case of retaliatory discharge, the employee must show that (1) he engaged in a protected activity, (2) the employer discharged him, and (3) there is a causal link between the protected activity and the discharge. *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005) (citation omitted). Defendants unsuccessfully challenged the third element of Mead's prima facie case. *See Mead I*, 2018 WL 807032, at *6.

[2] Defendants' misapprehension regarding the scope of their second summary judgment motion is illustrated in their reply brief, in which they assert that "the issue presented in Defendants' Second Motion for Summary Judgment is whether [Mead's] remaining claims for FMLA retaliation/discrimination should be dismissed because [he] cannot adduce proof sufficient to satisfy either the standard *McDonnell Douglas* test or the mixed-motive test." Defs.' Reply 2 (Doc. 51).

employers from terminating employees for having exercised or attempted to exercise FMLA rights." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013) (citing 29 C.F.R. §825.220(c)).

In *Richardson v. Monitronics International, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005), the Fifth Circuit held that the mixed-motive framework applies to FMLA claims in which retaliatory animus was a motivating factor in an adverse employment action.[3] "To escape liability under this framework, an employer must show that the retaliation was not the but-for cause of its action." *Ion*, 731 F.3d at 389 (citing *Richardson*, 434 F.3d at 333). As stated by the Fifth Circuit:

> To survive summary judgment under the mixed-motive burden-shifting framework, an employee must first make a prima facie case of FMLA retaliation. *Richardson*, 434 F.3d at 333. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the employer carries this burden, the burden shifts once more to the employee to offer sufficient evidence to create a genuine issue of fact that the employer's reason, although true, is but one of the reasons for its conduct, another of which was discrimination. *Id.* If an employee is successful in meeting the burden, an employer may still escape liability, and have summary judgment granted in its favor, by providing sufficient evidence to establish as a matter of law that it would have taken the adverse employment action despite its retaliatory motive. *Richardson*, 434 F.3d at 336. "The employer's final burden 'is effectively that of proving an affirmative

---

[3] The court recognizes that the Supreme Court has limited the applicability of the mixed-motive framework in cases involving Title VII. *See University of Texas Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338 (2013). The Fifth Circuit has not yet determined whether the reasoning of *Nassar* applies to FMLA retaliation cases. *See Wheat v. Florida Parish Juvenile Justice Comm'n*, 811 F.3d 702, 706 (5th Cir. 2016) ("Neither [the Fifth Circuit], nor the Supreme Court, has decided whether the heightened "but for" causation standard required for Title VII retaliation claims applies with equal force to FMLA retaliation claims."). Defendants make no argument that the *Nassar* decision prevents a court from applying a mixed-motive analysis in an FMLA retaliation case. In the absence of any argument or authority holding that *Nassar* applies to Mead's FMLA retaliation claims, the court, in keeping with other district courts in this circuit, applies the mixed-motive standard. *See, e.g.*, *Cathcart v. YP Advert. & Publ'g LLC*, 2017 WL 4298135, at *4 (N.D. Tex. Sept. 27, 2017) (Lynn, C.J.) (allowing plaintiff bringing FMLA retaliation claim to proceed under mixed-motive standard because Fifth Circuit has not held otherwise and employer failed to argue otherwise);*Wojcik v. Costco Wholesale Corp.*, 2015 WL 1511093, at *11, n.20 (N.D. Tex. Apr. 2, 2015) (Fitzwater, J.) (assuming that plaintiff bringing FMLA retaliation claim can proceed under mixed-motive standard because Fifth Circuit has not held otherwise); *Mathis v. BDO USA, LLP*, 2014 WL 975706, at * 6 (S.D. Tex. March 12, 2014) (applying mixed-motive standard to FMLA case "until a higher court says otherwise").

defense.'" *Id.* at 333 (quoting *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 355 (5th Cir.2005)).

*Ion*, 731 F.3d at 390.

In *Mead I*, the court already concluded at the first step of the mixed-motive framework that Mead had made out a prima facie case of FMLA retaliation/discrimination sufficient to defeat Defendants' Motion for Summary Judgment. *Mead I*, 2018 WL 807032, at *6. The court also determined at the second step of the mixed-motive framework that Defendants had met their burden of stating a legitimate, nondiscriminatory reason for Mead's termination, namely, that he violated company policy by failing to disclose a preexisting hand impairment and all his medications on certain of his Medical Exam Reports, which omission constituted falsifying work records, a terminable offense under the "Employee Conduct and Disciplinary Action" section of the Lattimore Employee Handbook. *Id.* at *7. At the third step of the mixed-motive framework, the court concluded that, given the totality of the evidence, Mead had met his burden of offering sufficient evidence to create a genuine dispute of material fact that Defendants' stated nondiscriminatory reason, although true, was only one reason for its conduct, another of which was discrimination and retaliation.[4] *Id.*

As Mead has met his burden at the third step of the mixed-motive test, Defendants may still escape liability, and have summary judgment granted in their favor, by providing sufficient evidence to establish, as a matter of law, that they would have terminated Mead after his twenty-year career with them as a cement truck driver, despite their retaliatory motive. *Richardson*, 434

---

[4] In addition to suspicious timing, the court also considered that (1) Defendants required Mead to take multiple and duplicative medical examinations, notwithstanding that his previous certifications had not yet expired; (2) Defendants had no record of providing notice of his work-place injury to the Texas Workers' Compensation Commission, notwithstanding that they suspended him on August 31, 2015, for failure to report a work-related injury; (3) based on advice from his physician, Mead believed his hand pain was not a reportable impairment; (4) Defendants' reasons for suspending him on August 31, 2015, and terminating him two weeks later, are inconsistent; and (5) even though Defendants had the ability to discipline him less severely, they chose to fire him for a first offense.

F.3d at 333, 336; *Ion*, 731 F.3d at 392. Otherwise stated, at this step, Defendants must provide sufficient evidence to establish, as a matter of law that, despite any discriminatory animus, they would still have terminated Mead for violating company policy. *Ion*, 731 F.3d at 392. "This final burden 'is effectively that of proving an affirmative defense.'" *Id.* at 392 (quoting *Richardson*, 434 F.3d at 333). To satisfy this burden, Defendants rely on the same evidence that they presented in their first motion for summary judgment to support their argument that Mead had failed to establish pretext under the traditional *McDonnell Douglas* burden-shifting framework, an argument the court rejected. *See Mead I*, 2018 WL 807032, at *7. In addition, Defendants submit the Affidavit of Katina McIntosh, Defendants' Human Resources Business Partner, who testifies that from the years 2006 through 2015, the year Defendants terminated Mead from his job of twenty years as a Ready Mix concrete truck driver, "six other Ready Mix Drivers were also terminated for falsifying company records[,]" and "[a] review of these employees' files revealed that none of them had requested FMLA leave." Defs.' Second MSJ App. at 242, Ex. 22 (McIntosh Aff. ¶ 4). She also testified that since she has been employed in human resources with Defendants, "termination has been the consequence for employees who falsify company records" and "[p]rogressive discipline is not applied to violations of [Defendants'] policy prohibiting the falsification of company records." *Id.* at 243 (McIntosh Aff. ¶ 6).

Drawing all reasonable inferences in favor of Mead, as the nonmoving party, and considering the evidence presented by Defendants in support of their Second Motion for Summary Judgment, in conjunction with the evidence already considered in *Mead I*, the court concludes Defendants have failed to meet their burden at the third step of the mixed-motive test of establishing, as a matter of law, that they would have terminated Mead for violating company policy despite their retaliatory motive. Defendants' evidence that other cement truck drivers were

terminated over the years for falsifying records and had not requested FMLA leave, in combination with the other evidence in the summary judgment record, is insufficient to establish they would have fired Mead despite the retaliatory motive. This evidence does, however, create a genuine dispute of material fact for the jury as to Defendants' motivation in terminating Mead, and whether they would have terminated him for violating company policy despite their retaliatory motive. Accordingly, the court will deny Defendants' Second Motion for Summary Judgment as to Mead's FMLA discrimination and retaliation claims.[5]

IV. **Conclusion**

For the reasons stated herein, as genuine disputes of material fact remain for trial with respect to Mead's FMLA discrimination and retaliation claims, the court **denies** Defendants' Second Motion for Summary Judgment (Doc. 47).

**It is so ordered** this 14th day of June, 2018.

Sam A. Lindsay
United States District Judge

---

[5] The court determines that, even applying the traditional *McDonnell Douglas* burden-shifting framework, under which the burden shifts back to Mead to show by a preponderance of the evidence that Defendants' articulated legitimate nondiscriminatory reason for firing him was a pretext, Mead has provided sufficient evidence to defeat Defendants' Second Motion for Summary Judgment. *See supra* note 4.