IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CLINTON MEAD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-0791-L |
| | § | |
| **LATTIMORE MATERIALS CORPORATION,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Judgment as a Matter of Law, for a New Trial, to Alter or Amend the Judgment, and for Reconsideration of Summary Judgment and Brief in Support (Doc. 87), filed August 21, 2018. Having considered the motion, response, reply, record, evidence adduced at trial, jury verdict rendered on August 10, 2018, and applicable law, the court **denies** Plaintiff's Motion for Judgment as a Matter of Law, for a New Trial, to Alter or Amend the Judgment, and for Reconsideration of Summary Judgment.

**I.    Background**

Plaintiff Clinton Mead ("Mead"), a cement truck driver, filed this civil action against his former employer, Lattimore Materials Corporation ("Lattimore" or "Defendant"), alleging it violated the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA"), and Chapter 21 of the Texas Labor Code prohibiting disability discrimination when it terminated his employment in September 2015. Lattimore contended that it terminated Mead for violation of company policy when he failed to report a serious medical condition and medications he was taking on his Department of Transportation ("DOT") medical examination reports and to his DOT

physicians. On February 9, 2018, the court granted summary judgment in favor of Lattimore on Mead's FMLA interference and state law disability discrimination claims, leaving only his FMLA retaliation claim for trial. *Mead v. Lattimore Materials Corp.*, 2018 WL 807032 (N.D. Tex. Feb. 9, 2018), *reconsideration denied*, 2018 WL 2971128 (N.D. Tex. Mar. 6, 2018) (Lindsay, J.).

The FMLA retaliation claim was tried before a jury over a period of three days from August 8, 2018, to August 10, 2018. On August 10, 2018, the jury rendered a verdict in favor of Lattimore by answering the relevant question as follows:

Question No. 1: Did Plaintiff Clinton Mead prove by a preponderance of the evidence that Lattimore Materials Corporation would not have discharged him but for his FMLA-protected activity?

Check only one answer.

Plaintiff did so prove. _____

Plaintiff did not so prove. _____√_____

The jury checked the answer "Plaintiff did not so prove," and, in compliance with the court's instructions, it did not proceed any farther to answer questions pertaining to damages. On August 14, 2018, the court, based on its prior decisions and in accordance with the jury's verdict, entered a final judgment in favor of Lattimore; ordered, adjudged, and decreed that Mead take nothing against Lattimore; and dismissed this action against Lattimore with prejudice. Judgment (Doc. 86).

Mead now moves for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), for a new trial under Rule 59(a), to alter or amend the judgment under Rule 59(e), and for reconsideration of the court's summary judgment opinion. In support, Mead contends that Lattimore's evidence at trial was different from evidence offered in support of its summary

judgment motion and that this "new evidence" established that he had a disability or was regarded as having a disability under Texas law. Mead asserts that the "new evidence" offered at trial includes: the testimony of Mead's two examining doctors, Drs. Kenneth Holcombe and Richard Taylor, "as to the disabling effect of [his] osteoarthritic condition as an 'illness' or 'injury' and of the drugs Tramadol and Valium which they testified [he] was taking"; the testimony of his supervisors Andy Such and Doug Smith that he "suffered a reportable injury by catching a pneumatic tube"; and the testimony of Linda Bull whose job it was to file notices of injury with worker's compensation and was in the course of making a filing of his injury until she was told it was not work-related. *See* Pl.'s Mot. 3. Mead further asserts that "[i]f the issues of disability and FMLA retaliation had been tried together [Lattimore] would have been precluded from changing its summary judgment position on [his] disability from denial to affirmation, which led to an improper verdict." *Id.*

In opposition, Lattimore argues that "[n]one of these arguments is supported by the law or by the record." Def.'s Resp. 1 (Doc. 89). Lattimore contends:

> Plaintiff has not come close to satisfying the test for relief from judgment or new trial: (1) Plaintiff has waived any "JNOV" or "sufficiency of evidence" arguments; (2) the evidence presented at trial was no different than the evidence offered in support of Defendant's motion for summary judgment; (3) the evidence presented at trial would not support a judgment for Plaintiff on the "disability" claim; and (4) the evidence was more than sufficient to support the jury's verdict with respect to the FMLA claim.

*Id.* at 12-13.

## II. Legal Standards

### A. Motion for Judgment as a Matter of Law

A motion for judgment as a matter of law "challenges the legal sufficiency of the evidence to support the verdict." *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 195 (5th Cir. 2006). The

court will "'uphold a jury verdict unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable [jurors] could not arrive at any verdict to the contrary.'" *Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1039 (5th Cir. 2011) (alteration in original) (quoting *Cousin v. Trans Union Corp.*, 246 F.3d 359, 366 (5th Cir. 2001)). "In other words, the 'jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did.'" *Id.* at 1039-40 (quoting *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008)).

### B. Motion for New Trial

A court, upon motion, may "grant a new trial on all or some of the issues" to any party "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at a law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). New trials may be granted if a district court determines that the "verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (footnote and citations omitted). The appeals court reviews the denial of a motion for new trial for an abuse of discretion. A "district court abuses its discretion by denying a new trial 'only when there is an absolute absence of evidence to support the jury's verdict.'" *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013) (citations omitted). If the evidence at trial is legally sufficient to support the jury's verdict, a district court does not abuse its discretion by denying a motion for new trial. *One Beacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 676 (5th Cir. 2016) (citations omitted). The appeals court is to view the evidence "in the light most favorable to the jury verdict." *Wellogix*, 716 F.3d at 881 (citation omitted). A motion for new trial must clearly show that "a manifest error

of law" occurred at the trial. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1991) (citation omitted).

The moving party has the burden to demonstrate harmful error justifying a second trial. *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000). When a party challenges the jury verdict, the court has no obligation to grant a new trial unless it finds the evidence—viewed in the light most favorable to the verdict—weighs so strongly and overwhelmingly in favor of one party that no reasonable person could arrive at a contrary conclusion. *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 770 (5th Cir. 2009).

### C. Motion to Alter or Amend Judgment or for Reconsideration

A motion to alter or amend the judgment or to reconsider under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted).[1] Amending a judgment under Rule 59(e) is appropriate: "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Rule 59(e), however, is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment," *Templet*, 367 F.3d at 478, and may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). District courts have "considerable discretion in deciding

---

[1] A determination of whether a motion to alter or amend or reconsider a judgment falls under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure depends on when the motion was filed. *Demahy v Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012)  Rule 59(e), rather than Rule 60(b), applies here because Mead filed his motion within 28 days after the final judgment in this case was entered. *See id.*

whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## III. Analysis

### A. Mead's Motion for Judgment as a Matter of Law

Lattimore argues that Mead waived his right to seek relief under Rule 50(b) because he did not make a timely motion for judgment as a matter of law under Rule 50(a). The court agrees. "[W]hen a party fails to raise an issue in a Rule 50(a) motion, it waives the right to raise that issue in a Rule 50(b) motion." *Waganfeald v. Gusman*, 674 F.3d 475, 481 n.14 (5th Cir. 2012) (citation omitted); *see also Flowers v. Southern Reg'l Physician Servs. Inc.*, 247 F.3d 229, 238 (5th Cir. 2001) ("If party fails to move for judgment as a matter of law under [Rule 50(a)] on an issue at the conclusion of all of the evidence, that party waives both its right to file a renewed post-verdict Rule 50(b) motion and also its right to challenge the sufficiency of the evidence on that issue on appeal."). At the conclusion of the evidence, Mead did not move for judgment as a matter of law under Rule 50(a). The court, therefore, concludes that he waived his right to seek postverdict relief under Rule 50(b). Alternatively, even absent waiver, the court would deny Mead's Rule 50(b) motion, as its review of the trial record demonstrates that the evidence was more than sufficient to support the jury's verdict.

### B. Mead's Motion for New Trial

Mead maintains that the trial was unfair because the jury was allowed to hear evidence about the osteoarthritic condition in his hands, and that Lattimore used this evidence against him at trial by contending that this medical condition, along with drugs he took for relief, impaired his ability to perform his job as a truck driver, and that it terminated Mead's employment for failing to disclose this condition in DOT medical examinations—in violation of company policy—and not for taking intermittent FMLA leave. Relatedly, Mead contends that Lattimore should not have been permitted to argue in support of summary judgment that Mead was not disabled under Chapter 21 of the Texas Labor Code and then introduce evidence at trial that his osteoarthritis was a serious health condition that should have been reported.

In response, Lattimore argues that the "test for determining what needs to be disclosed on a DOT medical examination is different than the test for determining whether someone is disabled." Def.'s Resp. 14. The court agrees.

As set forth by the court in its summary judgment opinion: "Section 21.002(6) of the Texas Labor Code defines 'disability' as 'a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such an impairment.'" *Mead*, 2018 WL 807032, at *9 (quoting Tex. Lab. Code Ann. § 21.002(6) (West 2015)). Lattimore's argument that Mead's osteoarthritis in his hands was severe enough to require him to disclose it on DOT medical examination reports and to DOT physicians is not equivalent to Lattimore offering testimony or other evidence that he was disabled pursuant to Chapter 21 of the Texas Labor Code.

In sum, after reviewing the trial record, the court concludes that Mead has failed to meet his burden of showing that Lattimore's introduction of argument and evidence relating to his

osteoarthritis resulted in an unfair trial or led to prejudicial error. Accordingly, the court will deny Mead's motion for a new trial.

### C. Mead's Motion to Alter or Amend Judgment or for Reconsideration

Mead contends that newly discovered evidence offered by Lattimore at trial of his disability requires the court to alter or amend its judgment and reconsider its summary judgment opinion. He argues that Lattimore's evidence at trial was different from evidence offered in support of its summary judgment motion, and that this "new evidence" established that he had a disability, or was regarded as having a disability, under Texas law. As "new evidence," Mead points to the trial testimony of his examining doctors, Drs. Holcombe and Taylor, "as to the disabling effect of [his] osteoarthritic condition as an 'illness' or 'injury' and of the drugs Tramadol and Valium which they testified [he] was taking"; the testimony of his supervisors that he "suffered a reportable injury by catching a pneumatic tube"; and the testimony of Linda Bull whose job it was to file notices of injury with worker's compensation and was in the course of making a filing of his injury until she was told it was not work-related. *See* Pl.'s Mot. 3.

After examining the evidence, the court concludes that what Mead describes as "new evidence" is entirely consistent with the evidence offered at summary judgment. Mead is essentially rehashing evidence, legal theories, and arguments that he raised before the entry of judgment in response to Lattimore's motion for summary judgment on his state law disability claims, arguments the court rejected.[2] He fails to identify an intervening change in controlling law, point out the availability of new evidence not previously available, or identify a manifest error

---

[2] With respect to his disability discrimination claim, the court determined that Mead had failed to raise a genuine dispute of material fact that his physical impairments were sufficiently limiting to rise to the level of a "disability" as that terms is defined by Texas law, or that Lattimore regarded him as "disabled," and that even had Mead's impairments risen to the level of a "disability," his disability discrimination claim would still fail because he failed to raise a genuine dispute of material fact that his disability was a motivating factor in Lattimore's decision to discharge him. *Mead*, 2018 WL 807032, at *8-12.

**Memorandum Opinion and Order - Page 8**

of law or fact. He has provided insufficient grounds to justify the extraordinary remedy available in Rule 59(e). Accordingly, the court will deny Mead's motion to alter or amend judgment or for reconsideration.

## IV. Conclusion

For the reasons herein set forth, the court **denies** Plaintiff's Motion for Judgment as a Matter of Law, for a New Trial, to Alter or Amend the Judgment, and for Reconsideration of Summary Judgment (Doc. 87).

**It is so ordered** this 27th day of September, 2018.

Sam A. Lindsay
United States District Judge